United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11435
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GEORGE ERIC CARDONA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-246
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

     Pursuant to a plea agreement, George Eric Cardona pleaded
guilty to mail fraud and money laundering.  He was sentenced to
75 months of imprisonment as to each count, to be served
concurrently, and to a three-year term of supervised release.  In
his plea agreement, Cardona reserved the right to challenge his
sentence under United States v. Booker, 543 U.S. 220 (2005).

     Cardona argues that he is entitled to resentencing under
Booker because the district court enhanced his sentence based on
facts that were not found by a jury or proven beyond a reasonable

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

doubt. Although Cardona was sentenced after the decision in Booker, he contends that he was sentenced under a mandatory guidelines scheme because this court in United States v. Mares, 402 F.3d 511 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005), effectively made the Guidelines mandatory by requiring a district court to make "specific finding[s]" when imposing a sentence outside the guideline range.

After Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." Mares, 402 F.3d at 519. Therefore, to the extent Cardona contends that the district court was precluded from enhancing his sentence based on facts that had not been either admitted by him or found beyond a reasonable doubt by a jury, his argument is untenable. Further, Cardona's argument that this court's decision in Mares effectively made the Guidelines mandatory is unavailing. In Mares, this court noted that the Booker Court left intact 18 U.S.C. § 3553(c), which requires a district court to explain the reasons for imposing a particular sentence, including one outside the guideline range. See Mares, 402 F.3d at 519 n.8. Accordingly, Cardona's sentence is AFFIRMED.